### DEXTER *v.* ALFRED.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

CHANGE OF VENUE—CONVENIENCE OF WITNESSES—EXPENSE.

On appeal from an order changing the place of trial of an action for trespass to land to the county in which the land was situated, plaintiff, to retain the action in the county in which it was brought, offered to stipulate that the land had no actual value beyond $400, and that the damages from the trespass would not exceed $60, and to pay $400 to defray expenses of defendant's witnesses, on certain conditions; which offer was not accepted by defendant. *Held* that, on the grounds that the convenience of witnesses and the ends of justice would be promoted by the change, and that the expense of the trial would be much greater in the county where suit was brought, the order should be affirmed.[1]

Appeal from special term, New York county.

Action by Orlando P. Dexter against Warren Joseph Alfred. Plaintiff appeals from an order granting defendant's motion to change the place of trial from New York county to Franklin county.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Rufus P. Livermore,* for appellant. *Cantwell & Main,* (*Thomas Cantwell* and *William P. Pickett,* of counsel,) for respondent.

BRADY, J. The motion to change the venue in this case was granted by Justice BEACH for the reasons that, under the provisions of the Code, the county of New York was not the proper county for the trial, the cause of action relating to a trespass committed upon real estate in Franklin county, and that the convenience of witnesses and the ends of justice would be promoted by the change. The latter ground is sufficient to justify the order made in the court below. Whatever doubt may exist with regard to the provisions of section 982 of the Code on the subject of local actions, as stated by Justice BEACH, there are two authoritative adjudications that an action like this is embraced within the section mentioned, and which provides that the actions named in it must be tried in the county in which the subject of the action, or some part thereof, is situated. The application made to change the place of trial is one characterized by very great zeal, and is presented in most elaborate form, affidavit being filed upon affidavit, and each ground assumed by the defendant fought with great earnestness and great dexterity; but the fact remains that the action relates to a trespass committed in Franklin county, and upon a piece of property of comparatively small value, and one which, for the purpose of securing a trial here, the appellant is willing to stipulate has no actual value beyond the sum of $400; and, further, that the actual damages to the land resulting from the defendant's trespass would not exceed the sum of $60. Although these offers are accompanied by one to pay $400 to defray the expense of the defendant's witnesses if the place of trial be changed, yet the proposition to allow that sum is so coupled with curious conditions that it does not appear to be very desirable, and certainly has not proved acceptable to the respondent. In such an action as this, an order made by the court below, after a deliberate consideration of the whole subject, should be sustained, in the absence of very controlling reasons which do not exist here. Under all the circumstances it seems to have been a very

———

[1] See People v. Coughtry, ante, 259, and note on change of venue.

proper direction that the action should be tried in the county in which the cause of action originated. It may be said also that there can be no doubt that the expense of the trial of the action in the city of New York would be very much enhanced over that which would attend it in Franklin county, an important consideration which should not be lost sight of in applications kindred to this. For these reasons, in addition to those assigned by the learned judge in the court below, it is thought that the order appealed from should be affirmed.

DANIELS, J. I concur in the result.